UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| v. | :     Civil No. |
| | : |
| ONE PARCEL OF REAL PROPERTY LOCATED | : |
| AT 19 MOUNTAIN AVENUE, NEW LONDON, | : |
| CONNECTICUT; ONE PARCEL OF REAL | : |
| PROPERTY LOCATED AT 27 WEST COIT | : |
| STREET, NEW LONDON, CONNECTICUT; | : |
| ONE 2010 MERCEDES BENZ 2500 SPRINTER | : |
| VAN BEARING VIN WD3PE7CC2A5485139; | : |
| AND $2,288.00 IN UNITED STATES | : |
| CURRENCY, | : |
| | : |
| Defendants. | : |
| | : |
| [CLAIMANT: RICHARD BRUNO] | :     March 21, 2018 |

## VERIFIED COMPLAINT OF FORFEITURE

Plaintiff, United States of America, by and through its attorneys, John H. Durham, United

States Attorney for the District of Connecticut, and John B. Hughes, Assistant United States

Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule

G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property: One Parcel of Real Property Located at 19 Mountain

Avenue, New London, Connecticut; One Parcel of Real Property Located at 27 West Coit Street,

New London, Connecticut; One 2010 Mercedes Benz 2500 Sprinter Van Bearing VIN

WD3PE7CC2A5485139, and Two Thousand Two Hundred Eighty-Eight Dollars ($2,288.00) in

United States Currency ("Defendant Assets"), for violations of 18 U.S.C. §§ 2253(a) and 2251.

1

## THE DEFENDANTS IN REM

2.     The defendants comprise two parcels of real property, one commercial vehicle and United States currency.  The Defendant Vehicle and Currency are currently in the custody of the Connecticut State Police.

3.     The Defendant parcels of real estate are located at 19 Mountain Avenue and 27 West Coit Street, New London, Connecticut, together with all appurtenances and improvements thereon.

4.     The United States does not request authority from the Court to seize the Defendant Property at this time.  The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

a.    post notice of this action and a copy of the Complaint on the Defendant Property;

b.    serve notice of this action on the record owner of the Defendant Property, and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Verified Complaint of Forfeiture;

c.    execute a writ of entry for the purposes of conducting an inspection and inventory of the property; and

d.    record a lis pendens on the New London Land Records identifying each property's status as a Defendant in this in rem action.

5.     The United States will also, as provided by 19 U.S.C. § 1606, appraise the Defendant Property when it executes the Writ of Entry.

6.     19 Mountain Avenue, New London was transferred to DOMCO II, LLC, a business entity owned by the Claimant Richard Bruno via Statutory Form Quit Claim Deed, recorded April 9, 2015, at Volume 2107, Page 98 of the New London Land Records.

2

7.     The assessed value of the 19 Mountain Avenue parcel is $116,060.00.

8.     27 West Coit Street, New London was transferred to DOMCO, LLC, a business entity owned by the Claimant Richard Bruno via Tax Collector's Deed, recorded December 22, 2010, at Volume 1910, Page 67 of the New London Land Records.

9.     The assessed value of the 27 West Coit Street parcel is $83,720.00.

## JURISDICTION AND VENUE

10.     Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Assets. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

11.     This Court has *in rem* jurisdiction over the Defendant Assets under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue arrest warrants *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Assets to 18 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

13.     The Defendant Assets are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) because they represent items utilized for purposes of production of child pornography in violation of 18 U.S.C. § 2251.

## STIPULATED FORFEITURE AGREEMENT

14.     The United States and the Claimant have reached an agreement. The terms of the agreement are embodied in a Stipulated Forfeiture Agreement attached hereto as Exhibit A. Pursuant to the agreement, the Claimant has agreed to the forfeiture of the Defendant Assets after

3

the appropriate procedural steps are taken.

WHEREFORE, the United States of America prays that the Warrant of Arrest In Rem for the Defendant Vehicle and Currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Assets to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper.

WHEREFORE, the United States of America respectfully asserts that there is probable cause to believe that the Defendant Parcels of Real Property are forfeitable to the United States pursuant to 18 U.S.C. § 2253(a); and requests,

(a) that pursuant to 18 U.S.C. § 985(b)(2), and 18 U.S.C. § 983(j), which permits the Court to "take any action to . . . preserve the availability of the property subject to civil forfeiture," the Court issue a Writ of Entry authorizing the United States Marshals Service, or its delegate, to enter the Defendant Properties, including any structures, on one or more occasions during the pendency of this in rem forfeiture action:

1. for the purpose of conducting an inspection and inventory and appraisal of the Defendant Properties, which inspection and inventory and appraisal may include still and video photography;

2. to be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the Defendant Properties pursuant to 19 U.S.C. § 1606;

3. to be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the Defendant Properties; and

4. to be accompanied on any such occasion by any federal, state, or local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of

4

Entry;

(b) that the Court enter a decree for the forfeiture of the Defendant Properties, one parcel

of property located at 19 Mountain Avenue, New London, Connecticut, and, one parcel of

property located at 27 West Coit Street, New London, Connecticut, with all appurtenances and

improvements thereon, to the United States under 18 U.S.C. § 2253 is confirmed, enforced, and

ordered; and

(c) that the Court award Plaintiff United States all other relief to which it is entitled,

including but not limited to the costs of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ John B. Hughes
JOHN B. HUGHES
ASSISTANT U.S. ATTORNEY
CHIEF, CIVIL DIVISION
157 CHURCH STREET
NEW HAVEN, CT 06510
TELEPHONE: (203) 821-3700

## DECLARATION

I am a Special Agent of the Federal Bureau of Investigation and the case agent assigned

the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture, and it is true

to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of March, 2018.

        /s/Wendy Bowersox
        WENDY BOWERSOX
        SPECIAL AGENT
        FEDERAL BUREAU OF INVESTIGATION

6

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil No. |
| | : | |
| ONE PARCEL OF REAL PROPERTY LOCATED | : | |
| AT 19 MOUNTAIN AVENUE, NEW LONDON, | : | |
| CONNECTICUT; ONE PARCEL OF REAL | : | |
| PROPERTY LOCATED AT 27 WEST COIT | : | |
| STREET, NEW LONDON, CONNECTICUT; | : | |
| ONE 2010 MERCEDES BENZ 2500 SPRINTER | : | |
| VAN BEARING VIN WD3PE7CC2A5485139; | : | |
| AND $2,288.00 IN UNITED STATES | : | |
| CURRENCY, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| [CLAIMANT: RICHARD BRUNO] | : | |

## STIPULATED FORFEITURE AGREEMENT

In full and final satisfaction of any and all claims, demands, and liens from which

PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), its agents, subrogees,

successors, and assigns, now have against the above-captioned defendant property, the UNITED

STATES and the CLAIMANT, RICHARD BRUNO ("CLAIMANT"), and his agents, subrogees,

successors, and assigns, by and through their respective counsel, hereby stipulate and agree to

the compromise settlement of the above-captioned forfeiture matter upon the terms and

conditions set forth below:

1

1.     CLAIMANT agrees that, as to the Defendant identified as One Parcel of Real Property Located at 19 Mountain Avenue, New London, Connecticut ("DEFENDANT PARCEL 1"), he has an ownership interest but agrees to the forfeiture of that interest to the United States.

2.     CLAIMANT agrees that, as to the Defendant identified as One Parcel of Real Property Located at 27 West Coit Street, New London, Connecticut ("DEFENDANT PARCEL 2"), he has an ownership interest but agrees to the forfeiture of that interest to the United States.

3.     CLAIMANT agrees that, as to the Defendant identified as One 2010 Mercedes Benz 2500 Sprinter Van Bearing Vehicle Identification Number WD3PE7CC2A5485139 ("DEFENDANT VEHICLE"), he has an ownership interest but agrees to the forfeiture of that interest to the United States.

4.     CLAIMANT agrees that, as to the Defendant identified as Two Thousand Two Hundred Eighty-Eight Dollars ($2,288.00) in United States Currency ("DEFENDANT CURRENCY"), he has an ownership interest but agrees to the forfeiture of that interest to the United States.

5.     CLAIMANT agrees to the forfeiture of DEFENDANT PARCEL 1, DEFENDANT PARCEL 2, the DEFENDANT VEHICLE, and the DEFENDANT CURRENCY (collectively, "DEFENDANT ASSETS") to the United States of America, to be disposed of according to law.

6.     CLAIMANT further agrees that neither he nor any current or future officers, agents, representatives, subrogees, assigns or successors of CLAIMANT shall appear in or pursue any action or proceeding at law or in equity to contest the forfeiture of the DEFENDANT ASSETS to the UNITED STATES as provided in Paragraph 4 above. **CLAIMANT further**

waives the requirements of Supplemental Rule G regarding direct notice to CLAIMANT, and consents to the entry of any Motion for Decree of Forfeiture, filed hereafter, consistent with the terms of this Stipulation.

7.     CLAIMANT hereby releases and forever discharges the United States of America, the Federal Bureau of Investigation, and their servants, employees, heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which claimants, their heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture, by the United States of America of the DEFENDANT ASSETS.

8.     CLAIMANT further agrees to hold and save the United States of America, the Federal Bureau of Investigation and their servants, employees, heirs, successors, or assigns harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, and forfeiture of the DEFENDANT ASSETS.

9.     This Stipulated Forfeiture Agreement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the part of the CLAIMANT, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

10.     The UNITED STATES and the CLAIMANT agree to bear their own costs and attorney's fees, and to execute and/or consent to, any additional documents necessary to

3

implement the terms of this stipulated agreement.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

9/28/17
DATE

NANCY V. GIFFORD
ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO.: ct16324
450 MAIN STREET, ROOM 328
PHONE NO.: (860) 760-7967
FAX: (203) 773-5392
EMAIL: nancy.gifford@usdoj.gov

COUNSEL FOR PLAINTIFF
UNITED STATES OF AMERICA

9/28/17
DATE

RICHARD BRUNO
CLAIMANT

9/28/17
DATE

CHRISTOPHER DUBY, ESQ.
LAW OFFICES OF CHRISTOPHER DUBY, LLC
2558 WHITNEY AVENUE, SUITE 203
HAMDEN, CT 06518

COUNSEL FOR CLAIMANT
RICHARD BRUNO

4