UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>ONE PARCEL OF REAL PROPERTY LOCATED AT 19 MOUNTAIN AVENUE, NEW LONDON, CONNECTICUT *et al.*,<br>    *Defendants*.<br><br>[CLAIMANT: RICHARD BRUNO] | No. 3:18-cv-00471 (JAM) |

**ORDER GRANTING IN PART AND DENYING IN PART
GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**

Richard Bruno pleaded guilty to a federal crime of producing child pornography. The United States has filed this separate action seeking civil forfeiture of certain assets relating to its criminal investigation: (1) One Parcel of Real Property Located at 19 Mountain Avenue, New London, Connecticut; (2) One Parcel of Real Property Located at 27 West Coit Street, New London, Connecticut; and (3) $2,288.00 in United States Currency. The Government now moves for summary judgment.

I conclude that Bruno has no standing to object to forfeiture of 19 Mountain Avenue and 27 West Coit Street but that a genuine fact issue remains whether he has standing to object to the forfeiture of the currency. Turning to whether the Government has otherwise established its right to forfeit the subject property, I conclude that no genuine issue of fact remains as to the Government's right to forfeit 19 Mountain Avenue and 27 West Coit Street but that a genuine fact issue remains concerning whether the Government has the right to forfeiture of the currency.

1

Accordingly, I will grant in part and deny in part the Government's motion for summary judgment.

## BACKGROUND

In May 2017, Bruno pleaded guilty pursuant to a plea agreement to production of child pornography in violation of 18 U.S.C. § 2251(a). Doc. #44-2 at 1 (¶¶ 1-2); Doc. #44-4 at 2 (plea agreement); *see generally United States v. Richard Bruno*, 16-cr-235 (JAM) (D. Conn.). An ongoing marital dissolution action prevented forfeiture of Bruno's property at the time of the plea agreement. Doc. #44-2 at 2-3 (¶¶ 9, 14-15); Doc. #44-4 at 4. But Bruno agreed at the guilty plea hearing that if he obtained free and clear title to a specified list of real and personal property after the divorce, he would not object to its forfeiture. Doc. #44-2 at 2 (¶ 9); Doc. #44-4 at 4. He further acknowledged and agreed that pursuant to 18 U.S.C. § 2253(a), the listed property is subject to forfeiture because it was used to commit or facilitate the production of child pornography. Doc. #44-2 at 2-3 (¶ 10); Doc. #44-4 at 5.[1]

The plea agreement identified the following property among other items to be subject to forfeiture: the 19 Mountain Avenue property, the 27 West Coit Street property, and a Mercedes Benz van. Doc. #44-2 at 2 (¶ 8); Doc. #44-4 at 4.[2] The $2,288 currency defendant named in this action is not referred to as an asset subject to forfeiture in the plea agreement.

In September 2017, I sentenced Bruno principally to a term of 192 months of imprisonment. Doc. #44-2 at 4 (¶¶ 19, 23); Doc. #44-6 (criminal judgment). On the same day, Bruno signed a stipulated forfeiture agreement in which he agreed in relevant part to forfeit his

---

[1] Although Bruno has filed a separate motion for post-conviction relief pursuant to 28 U.S.C. § 2255 alleging that his trial counsel rendered constitutionally ineffective assistance of counsel, I have entered an order today that denies the motion. *See Bruno v. United States*, 3:18-cv-634-JAM (D. Conn.).

[2] The Court has previously granted the Government's motion for forfeiture of the Mercedes Benz van, Doc. #24, and that property is no longer at issue in this case.

interest and not contest forfeiture of his interests in 19 Mountain Avenue, 27 West Coit Street, and the $2,288 in U.S. currency. Doc. #44-2 at 5 (¶¶ 25-28); Doc. #44-5 at 3 (¶¶ 1-6) (stipulated forfeiture agreement). Bruno alleges that he signed the stipulated forfeiture agreement under pressure immediately after sentencing and without proper guidance from his counsel. Doc. #48 at 13-14; *see also* Doc. #44-8 at 81 (sentencing transcript reflecting counsel's statement that "given the rush this morning" he needed "five more minutes" with Bruno after sentencing to review the stipulated forfeiture agreement).

In March 2018, the Government filed the present civil forfeiture action. Doc. #1. Bruno constructively filed a claim and answer. Docs. #42, #43. The Government has now filed this motion for summary judgment against the three remaining defendant assets. Doc. #44. Bruno objects to the motion. Docs. #48, #50, #54.

## DISCUSSION

The principles governing the review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). I must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable factfinder to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close contested issues of fact but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (*per curiam*); *Pollard v. N.Y. Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017).

### *Bruno's standing*

Civil forfeiture claims are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and by the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202. "A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supp. R. G(5)(a)(i). If someone files a claim, the Government may then move to strike the claim "because the claimant lacks standing," and this motion can take the form of a motion for summary judgment. Supp. R. G(8)(c)(i)(B), 8(c)(ii)(B). In response, the claimant must "carry the burden of establishing standing by a preponderance of the evidence." Supp. R. G(8)(c)(ii)(B). *See generally United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) (*per curiam*).

The Second Circuit has described standing as a "prerequisite to challenging the forfeiture," *ibid.*, and a "threshold question," *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999). Thus, "[a] claimant who lacks standing is not entitled to challenge the forfeiture on the merits." *United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F. App'x 17, 19 (2d Cir. 2017) (quoting advisory committee notes to Supplemental Rules).

In order to establish constitutional standing, a claimant must show that he has "a facially colorable interest in the proceedings." *United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 78 (2d Cir. 2002) (internal quotations omitted). For example, a claimant may establish standing by showing ownership or possession of property seized in a forfeiture action. *See Cambio Exacto, S.A.*, 166 F.3d at 527. By contrast, if a claimant has relinquished his interest in property through action or agreement, he lacks standing to contest its forfeiture for want of an injury. *See, e.g.*, *United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 91

(2d Cir. 2011) (claimant lacked standing to contest civil forfeiture of asset for which he signed a stipulation agreeing not to contest the forfeiture); *United States v. One 2004 Land Rover Range Rover*, 369 F. App'x 208 (2d Cir. 2010) (affirming order striking claimant because claimant no longer had an ownership interest in the vehicle defendant).

Here, Bruno expressly agreed in his plea agreement and as verified during the guilty plea colloquy that he would not object to the forfeiture of 19 Mountain Avenue and 27 West Coit Street. Doc. #44-4 at 4; Doc. #44-7 at 19. Moreover, it is undisputed that, as a result of Bruno's divorce judgment, the two real property defendants became the property of another entity—DOMCO, LLC. Doc. #44-2 at 4 (¶ 22). Although Bruno has an ownership interest in DOMCO, LLC, "the law is clear that a plaintiff may not claim standing in his own right based on the harms visited solely upon a corporate entity that he owns or controls." *Dubois v. Maritimo Offshore Pty Ltd.*, 422 F. Supp. 3d 545, 556 (D. Conn. 2019). Nor may Bruno represent the interests of DOMCO, LLC in this action, because "a limited liability company … may appear in federal court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). Bruno has failed to raise a genuine fact issue as to whether he has standing as to the two real properties at 19 Mountain Avenue and 27 West Coit Street.

The same does not hold true for the $2,288 currency. Bruno claims this currency belongs to him. Doc. #48 at 3. The currency was not mentioned in the plea agreement or during the guilty plea colloquy. As far as the present record reflects, Bruno did not have prior notice of the Government's intent to seek forfeiture of the currency until the stipulated forfeiture agreement was presented to him by his counsel for a very brief review and immediately after a very lengthy sentence of 16 years imprisonment was imposed against him. A genuine fact issue exists in light of the lack of prior notice and the emotional and time-pressured circumstances whether Bruno

knowingly and voluntarily agreed to forfeit the currency when he signed the agreement. Accordingly, a genuine fact issue remains as to Bruno's standing with respect to the $2,288 currency.

### *The Government's forfeiture claim*

Despite any standing limitations, I must still consider as an evidentiary matter whether the Government has affirmatively adduced sufficient facts to support forfeiture. As the Second Circuit has advised, "[i]t must be remembered, however, that in a civil forfeiture action the *government* is the plaintiff, and it is the government's right to forfeiture that is the sole cause of action adjudicated," so that "[i]f the government fails to meet its burden of proof (formerly probable cause, now preponderance), the claimant need not produce any evidence at all—*i.e.*, the claimant has no 'case' that he must present or 'elements' to which he bears the burden of proof." *United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 79 (2d Cir. 2002). As a result, the Government continues to bear a burden to establish the forfeitability of assets even if there is no claimant to object to forfeiture. *See, e.g., United States v. U.S. Currency in Sum of One Hundred Eighty-Five Thousand Dollars ($185,000),* 455 F. Supp. 2d 145, 153 & n.4 (E.D.N.Y. 2006); *United States v. $119,030.00 in U.S. Currency*, 955 F. Supp. 2d 569, 584 (W.D. Va. 2013).

In 2000, Congress amended the civil asset forfeiture law in response to criticism that the Government's civil forfeiture authority was too broad. *See United States v. Sum of $185,336.07 U.S. Currency Seized from Citizen's Bank Account L7N01967*, 731 F.3d 189, 195 (2d Cir. 2013). Congress shifted the entire burden of proving that property is subject to forfeiture to the Government and increased the standard of proof by which the Government must do so. *Id.* at 195-96. Now "[i]n civil forfeiture proceedings, the Government bears the burden of showing by

a preponderance of the evidence that the property at issue is subject to forfeiture." *In re 650 Fifth Ave. & Related Properties*, 830 F.3d 66, 86 (2d Cir. 2016) (citing 18 U.S.C. § 983(c)).

The Government's civil forfeiture claim in this case arises under 18 U.S.C. § 2254 which cross-references 18 U.S.C. § 2253, and it allows in cases like this one that involve a conviction under 18 U.S.C. § 2251(a) for the Government to forfeit "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253(a)(3).

Because the Government's theory is "that the property was used to commit or facilitate the commission of a criminal offense," it must show "that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3); *see In re 650 Fifth Ave.*, 830 F.3d at 95. "Under the substantial connection test, the property either must be used or intended to be used to commit a crime, or must facilitate the commission of a crime ... [a]t minimum, the property must have more than an incidental or fortuitous connection to criminal activity." *United States v. Two Hundred Seventy-Two Thousand Dollars & No Cents ($272,000)*, 2018 WL 948752, at *4 (E.D.N.Y. 2018) (internal quotations omitted).

### *19 Mountain Avenue*

The Government has amply established grounds for forfeiture of 19 Mountain Avenue, and Bruno does not appear to contest this evidence. Doc. #48 at 4 (acknowledging that 19 Mountain Avenue "held a nexus to the unnamed victim in count two"). In the plea agreement, Bruno acknowledged that the property was "used to commit or to promote the commission of" the production of child pornography. Doc. #44-4 at 5. The plea agreement further stipulates that on at least four occasions, Bruno and the minor victim met at the warehouse where he recorded videos of her engaging in sex acts. *Id.* at 12. A search of the warehouse revealed a production set

for pornographic films. *Id.* at 13; Doc. #44-10 at 2 (¶ 4). No reasonable factfinder could find on the basis of these undisputed facts that the Government has failed to show a substantial connection between the warehouse and the crime that warrants forfeiture. Accordingly, I will grant the motion for summary judgment against the real property located at 19 Mountain Avenue.

### *27 West Coit Street*

The evidence similarly supports forfeiture of the 27 West Coit Street property. At the guilty plea hearing, the Government proffered as part of the factual basis for conviction that the minor victim made sexually explicit videos of herself at 27 West Coit Street using a camera provided by Bruno. Doc. #44-7 at 34. Bruno did not dispute the proffer. In the plea agreement, Bruno agreed that 27 West Coit Street was "subject to forfeiture as property used to commit or to promote the commission of illegal conduct giving rise to forfeiture." Doc. #44-4 at 5. In view that the plea agreement and plea colloquy conclusively establish a substantial connection between 27 West Coit Street and the crime that warrants forfeiture, I need not address the significance of the stipulated forfeiture agreement that Bruno signed after sentencing. Accordingly, I will grant the motion for summary judgment against the real property at 27 West Coit Street.

### *$2,288.00 in United States Currency*

In contrast to the two real property defendants, the Government has not shown the necessary connection between Bruno's offense and the $2,288 currency. The Government alleges in its brief that the money was found inside the previously forfeited Mercedes Benz when the Connecticut State Police searched the real property defendants in May 2016. Doc. #44-1 at 3. Maybe so but the Government does not support this allegation with actual evidence or a citation

to the record. Unlike the real properties at 19 Mountain Avenue and 27 West Coit Street, the currency is conspicuously absent from any mention in the plea agreement or discussion during the course of the guilty plea colloquy. Although the Government has filed an affidavit from a law enforcement agent to support a factual basis for forfeiture, this affidavit describes only in general terms how Bruno gave cash to one of his victims but with no mention of any specific seizure of the $2,288 currency or how there is a substantial connection between this currency and any forfeitable crime. Doc. #44-10 at 1-2 (¶ 3).

Nor does the stipulated forfeiture agreement satisfy the Government's burden. Even assuming that Bruno knowingly and voluntarily signed the agreement, the terms of the agreement set forth no facts that would be sufficient to support forfeiture. The stipulation states simply that Bruno agrees to forfeiture of his ownership interest in the currency without any concession that the currency was used to promote the offense. Doc. #44-5 at 3. Indeed, the agreement describes itself as a "compromise settlement" rather than any kind of a factual stipulation. *Id.* at 1.

In the absence of evidence to establish the required substantial connection, I will deny the motion for summary judgment as to the $2,288 currency. In view of the modest amount of money involved, I trust the parties will consider alternatives to additional litigation with respect to this particular asset, and I will readily refer the parties to a U.S. Magistrate Judge for a settlement conference if either party requests.

## CONCLUSION

For the reasons set forth above, the Government's motion for summary judgment is GRANTED in part as to defendants One Parcel of Real Property Located at 19 Mountain Avenue, New London, Connecticut, and One Parcel of Real Property Located at 27 West Coit

Street, New London, Connecticut, and DENIED in part as to defendant $2,288.00 in United States Currency.

It is so ordered.

Dated at New Haven this 16th day of November 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge